Bradley L. Mitchell, Esq.
Wade D. Koenecke, Esq.
**STEVENS & LEE**
A Pennsylvania Professional Corporation
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
Tel.: 609-243-9111
E-Mail: blm@stevenslee.com
*Attorneys for Defendant Service Finance Company, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KANDACE SPARKS, on behalf of herself and those similarly situated, | Civil Action No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| SERVICE FINANCE COMPANY, LLC, | ELECTRONICALLY FILED |
| Defendant. | |

Defendant, SERVICE FINANCE COMPANY, LLC ("SFC"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby timely files this Notice of Removal of this action to the United States District Court for the District of New Jersey, and respectfully states the following:

1.     On or about April 24, 2017, Plaintiff Kandace Sparks ("Sparks") filed a civil action against SFC in the Superior Court of the State of New Jersey, Middlesex County, bearing Docket No. MID-L-2441-17.

2.     SFC first received the Summons and Complaint on May 2, 2017.

3.     The Superior Court of the State of New Jersey, Middlesex County, lies within the United States District Court for the District of New Jersey.

SL1 1466874v1 111079.00001

4.      SFC files this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint.

5.      The United States District Court for the District of New Jersey has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

6.      Sparks' Complaint alleges a single cause of action against SFC for SFC's alleged violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act.

7.      There is complete diversity of citizenship between Plaintiff Sparks and Defendant SFC pursuant to 28 U.S.C. § 1332(a) and (c)(1).  In particular:

        a)      Plaintiff Sparks alleges that she is a resident of West Orange, New Jersey. See Complaint at ¶ 7;

        b)      Defendant SFC is Florida Limited Liability Company and maintains its principal place of business at 555 S. Federal Highway #200, Boca Raton, Florida.  See Certification of Ian M. Berch at ¶ 1.

8.      The amount in controversy exceeds $75,000 according to a reasonable reading of the Plaintiff's Complaint inasmuch as Plaintiff has asserted claims for certification of a class for monetary relief, and for violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, injunctive relief, maximum statutory civil penalties, pre-judgment and post-judgment interest, accounting, and an award of statutorily permitted attorneys' fees and costs.  See Complaint, attached as Exhibit 1, p. 10.  See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) (whether jurisdictional threshold is met is based on a reasonable reading of the complaint); Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) (potential attorneys' fees award considered part of amount in controversy);  Missouri State Life Ins. Co. v. Jones, 290 U.S. 199,

2

202, 54 S.Ct. 133, 133, 78 L.Ed. 267 (1933) (when attorneys' fees are provided for under state law, they must be considered in calculating the jurisdictional amount in controversy).

     9.     Accordingly, federal diversity jurisdiction exists, and the entire action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

     10.     As required by 28 U.S.C. § 1446(b), SFC has attached to this Notice of Removal copies of all processes and pleadings SFC has received in this action.  These processes and pleadings are attached as follows:

| Document | Exhibit |
|----------|---------|
| Complaint | 1 |
| Summons | 2 |

     11.     As required by 28 U.S.C. § 1446(d), copies of this Notice of Removal are this day being served upon all adverse parties and are being filed with the Clerk of the Superior Court of the State of New Jersey, Middlesex County.

     **WHEREFORE**, Defendant SERVICE FINANCE COMPANY, LLC respectfully requests that this civil action be removed to this United States District Court for the District of New Jersey.

Dated: Lawrenceville, New Jersey
      June 1, 2017

                    Respectfully submitted,

                    **STEVENS & LEE**
                    A Pennsylvania Professional Corporation

                    By: */s/ Bradley L. Mitchell*
                       Bradley L. Mitchell

                    *Attorneys for Defendant*
                    *Service Finance Company, LLC*

SL1 1466874v1 111079.00001

## CERTIFICATE OF SERVICE

I, BRADLEY L. MITCHELL, ESQUIRE, certify that on this date I served a true and correct copy of the foregoing NOTICE OF REMOVAL upon the following individual via email and Federal Express overnight delivery, addressed as follows:

> Matthew S. Oorbeek, Esq.
> The Wolf Law Firm, LLC
> 1520 U.S. Highway 130 – Suite 101
> North Brunswick, NJ 08902
> *Attorneys for Plaintiff*

Dated: June 1, 2017                    */s/ Bradley L. Mitchell*

                                       _____
                                       Bradley L. Mitchell

4

# EXHIBIT 1

Matthew S. Oorbeek, Esq. – NJ Attorney ID No. 073242013
THE WOLF LAW FIRM, LLC
Attorneys at Law
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ 08902
(732) 545-7900 – TELEPHONE
(732) 545-1030 – FAX
*Attorneys for Plaintiff and others similarly situated*

FILED & RECEIVED #2

2017 APR 20  P 2:10

CIVIL          OFFICE
MIDDLESEX COUNTY

| | |
|---|---|
| KANDACE SPARKS, on behalf of herself and those similarly situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION |
| Plaintiff, | Civil Action |
| v. | Docket No. MID-L 2441-17 |
| SERVICE FINANCE COMPANY, LLC, | CLASS ACTION COMPLAINT AND JURY DEMAND |
| Defendant. | |

**PLAINTIFF KANDACE SPARKS,** on behalf of herself and all others similarly situated, by way of Complaint says:

## NATURE OF THE CASE

1.    This action raises claims against Defendant, a finance company, based on its violations of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-16, by providing Plaintiff and those similarly situated with a privacy policy notice which included disclaimers that certain provisions were only applicable "as permitted by law", "as otherwise provided by law" and "as required by law" without specifying whether or not the provisions were applicable in New Jersey.

2.    Plaintiff seeks the mandatory minimum $100 statutory penalty under the TCCWNA for herself and all others similarly situated in connection with these facial violations of the TCCWNA.

**PARTIES**

3.    Plaintiff Kandace Sparks is a natural person and resides in West Orange, New Jersey.

4.    Defendant Service Finance Company, LLC is a foreign limited liability company located in Florida with a registered agent for service located at 100 Canal Pointe Blvd. Suite 212, Princeton, New Jersey 08540.

**VENUE**

5.    Venue in Middlesex County is appropriate because Defendant Service Finance Company, LLC is a limited liability corporaion that actually does business in Middlesex County at the time the complaint was filed.

**FACTUAL ALLEGATIONS**

6.    Defendant Service Finance Company, LLC ("Finance Company") is engaged in the business of financing the purchase of home improvement services and installations.

7.    Kandace Sparks (hereinafter "Ms. Sparks") owns and resides in a residential property (hereinafter "her home") which is located in West Orange, New Jersey.

8.    In or about early March 2014, Ms. Sparks contacted Sears, Roebuck and Co. and/or Sears Home Improvement Products, Inc. ("Sears") as a seller of home improvement services to come to her home for a consultation and to obtain an estimate to renovate the Master bathroom and Guest bathroom in her home (hereinafter "the bathrooms project").

9.    On or about March 8, 2014, Monica Kirby (hereinafter "Ms. Kirby") was a Sears consultant, sales representative and/or agent of Sears.

10.    On or about March 8, 2014, Ms. Kirby came to Ms. Sparks' home in West Orange, New Jersey, to provide an estimate and proposal for the bathrooms project.

11.    On or about March 8, 2014, Ms. Kirby prepared and provided Ms. Sparks with the documents bearing the titles "Estimate and Proposal" and "Bathroom Remodel Addendum",

redacted copies of which are attached hereto as **Exhibit A**. The "Estimate and Proposal" states that "The Bathroom Remodel Addendum is made part of and incorporated into this contract by reference."

12.    Ms. Sparks financed the bathrooms renovation project by entering into a home improvement retail installment sales contract with Sears in the amount of $17,249.45, payable in monthly installments of $259.89 over eight (8) years, with an annual interest rate of 9.99%. Interest would not begin to accrue until the date of the borrower verification call and payments were to begin 30 days after the date of the borrower verification call. (*See copy of March 8, 2014 e-mail from Ashley Meyers (ashley.meyers@searshomepro.com); attached hereto as* **Exhibit B**).

13.    Sears provided Plaintiff with an electronic link to a Home Improvement Retail Installment Contract ("RIC") in the March 8, 2014 email.

14.    Ms. Sparks clicked on the electronic link, received the RIC that Sears provided and electronically signed the RIC on March 19, 2014. (*See copy of Retail Installment Contract; attached hereto as* **Exhibit C**).

15.    On the top of page #2 of the RIC, it states that Service Finance Co. LLC is the Assignee of the RIC.

16.    In addition to the RIC, Plaintiff was provided with a notice titled "Important Privacy Information". (*See copy of "Important Privacy Information"; attached hereto as* **Exhibit D**).

17.    The Important Privacy Information notice provides that "[t]his information is being provided by Service Finance Company, LLC."

18.    The Important Privacy Information notice provides, under the section titled "How We Use Customer Information":

> We use your customer information to meet your requests for financing of your home improvement project, administer your account, and comply with legal

requirements. *We do not sell personal information about you to unrelated companies for their independent use. We do share information as provided by law.*

19.   The Important Privacy Information notice provides, under the section titled "Sharing Information With Unrelated Companies", *inter alia*:

> Unrelated companies receiving customer information from us enter into agreements with us to protect the information they receive before information is provided. These agreements also limit the use of information to providing services we request. *We do not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law.*

20.   The Important Privacy Information notice provides, under the section titled "Future Changes":

> This statement updates and replaces any previous statements you may have received from us about the collection, use and protection of customer information. We may change this privacy statement at any time and if we do, we will notify you as required by law.

21.   The Important Privacy Information notice provides, under the section titled "Future Changes", *inter alia*:

> Even if you make a choice to limit marketing offers from our company, we may still market our products and services to you based on information they obtained through an existing relationship with you, or as otherwise provided by law.

22.   The Important Privacy Information notice contains separate identified paragraphs discussing the law regarding the dissemination of personal information and marketing telephone calls in Vermont, California, Nevada, and Texas but does not include any information whether the above-quote provisions are or are not applicable in New Jersey.

23.   Defendant clearly intended that the Important Privacy Information notice is to be used in the states in which it operates and that that the law of each state where the loan originated to apply to the provisions set forth in paragraphs ## 18-21 above.

## CLASS ALLEGATIONS

24.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

25.     Plaintiff seeks certification of a Class, initially defined as follows:

> All individual consumers who, at any time on or after the day six years prior to the date this Complaint is filed, financed the purchase of home improvements to a residential property located in New Jersey and were provided with an Important Privacy Information notice by Defendant, which was the same or similar to the Important Privacy Information notice Defendant provided to Plaintiff, in connection with a Retail Installment Contract that was assigned to Defendant.

26.     The term "the same or similar" in reference to the Privacy Information notice means:

a.  A Privacy Information notice containing the provision "[w]e do share information as permitted by law";

b.  A Privacy Information notice containing the provision "[w]e do not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law";

c.  A Privacy Information notice containing the provision "[w]e may change this privacy statement at any time and if we do, we will notify you as required by law"; and/or

d.  A Privacy Information notice containing the provision, "[e]ven if you make a choice to limit marketing offers from our company, we may still market our products and services to you based on information they obtained through an existing relationship with you, or as otherwise provided by law."

27.     The members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

28.    There are questions of law and fact common to the members of the Classes. These common questions include:

   a.   Whether the Privacy Information notice is a contract and/or notice pursuant to the TCCWNA;

   b.   Whether Defendant violated the TCCWNA by providing the Privacy Information notice which states that "We do not sell personal information about you to unrelated companies for their independent use. We do not share information as permitted by law" and failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey;

   c.   Whether Defendant violated the TCCWNA by providing the Privacy Information notice which states that "We do not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law" and failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey;

   d.   Whether Defendant violated the TCCWNA by providing the Privacy Information notice which states that "We may change this privacy statement at any time and if we do, we will notify you as required by law" and failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey;

   e.   Whether Defendant violated the TCCWNA by providing the Privacy Information notice which states that "Even if you make a choice to limit marketing offers from our company, we may still market our products and services to you based on information they obtained through an existing relationship with you, or as otherwise provided by law" and failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey;

   f.   Whether Plaintiff and those similarly situated are entitled to statutory damages for Defendant's violations of TCCWNA.

29.    Plaintiff's claims are typical of the claims of the members of the Class which she represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by Defendant in their dealings with Plaintiff.

30.    Plaintiff has no interests antagonistic to those of the Class.

31.    The Class, of which Plaintiff is a member, is readily identifiable from Defendant's records.

32.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class

Counsel has investigated and identified potential claims in the action. Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

33.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

34.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

35.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant in this action, or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

36.    Defendant has acted, or refused to act, on grounds generally applicable to Plaintiff and all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

37.    A class action will cause an orderly and expeditious administration of the claims of the Class, and will foster economies of time, effort and expense.

38.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS ALLEGATIONS

### FIRST COUNT
### (Violations of the Truth-in-Consumer Contract, Warranty and Notice Act)

39.     Plaintiff, on behalf of herself and all others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

40.     Plaintiff and those similarly situated are "consumers" within the meaning of the TCCWNA, as set forth at N.J.S.A. 56:12-15.

41.     Defendant is a seller, lender, creditor and/or assignee within the meaning of the TCCWNA as set forth at N.J.S.A. 56:12-17.

42.     The Important Privacy Information notice that Defendant provided to Plaintiff and members of the putative Class is a contract and/or notice within the meaning of the TCCWNA, as set forth at N.J.S.A. 56:12-16.

43.     The TCCWNA provides, at N.J.S.A. 56:12-16 in relevant part that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, enforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

44.     Defendant used and continues the Important Privacy Information notice the same as or similar to what it provided to Plaintiff and members of the putative Class in several states.

45.     By using terms in the Important Privacy Information notice such as "as permitted by law", "except as otherwise permitted by law", "as required by law", and "as otherwise provided by law", Defendant intended the law of the State where the contract was entered into would apply to them.

46.     The terms "as permitted by law", "except as otherwise permitted by law", "as required by

law", and "as otherwise provided by law" clearly imply that the provisions that they modify are or may be void, enforceable or inapplicable in some jurisdictions, but do not specify whether any of them are or are not void, unenforceable or inapplicable within the State of New Jersey. By using the terms "as permitted by law", "except as otherwise permitted by law", "as required by law", and "as otherwise provided by law" without specifying whether any of them are or are not void, unenforceable or inapplicable within the State of New Jersey, Defendants did not clearly provide New Jersey consumers with clear terms of what the Important Privacy Information notice was intended to convey.

47.     The Important Privacy Information notice which states in relevant part that "[w]e do not sell personal information about you to unrelated companies for their independent use. We do not share information as permitted by law" violated the TCCWNA at N.J.S.A. 56:12-16 by failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey.

48.     The Important Privacy Information notice which states in relevant part that "[w]e do not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law" violated the TCCWNA at N.J.S.A. 56:12-16 by failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey.

49.     The Important Privacy Information notice which states in relevant part that "[w]e may change this privacy statement at any time and if we do, we will notify you as required by law" violated the TCCWNA at N.J.S.A. 56:12-16 by failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey.

50.     The Important Privacy Information notice which states in relevant part that "[e]ven if you

make a choice to limit marketing offers from our company, we may still market our products and services to you based on information they obtained through an existing relationship with you, or as otherwise provided by law" violated the TCCWNA at <u>N.J.S.A.</u> 56:12-16 by failing to specify what the law in New Jersey is and whether the provision is or is not applicable in New Jersey.

51.    As a result of its violations of the TCCWNA, Plaintiff and those similarly situated to whom Defendant provided an Important Privacy Information notice the same as or similar to the one provided to Plaintiff are entitled to statutory damages as provided by <u>N.J.S.A.</u> 56:12-17.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    a.  Certification of a class, as defined herein *supra*, for monetary relief pursuant to <u>Rule</u> 4:32-1(b)(3);

    b.  Appointment of Plaintiff as Class Representative and her attorneys as Class Counsel;

    c.  Declaratory judgment that Defendant violated the TCCWNA;

    d.  Injunctive relief requiring Defendant to comply with the TCCWNA;

    e.  An accounting of all New Jersey consumers to whom Defendant provided an Important Privacy Information notice the same as or similar to the one provided to Plaintiff;

    f.  An award of maximum statutory civil penalties pursuant to the TCCWNA at <u>N.J.S.A.</u> 56:12-17;

    g.  An award of attorneys' fees and costs of suit pursuant to TCCWNA at <u>N.J.S.A.</u> 56:12-17.

    h.  Pre-judgment and post-judgment interest; and

    i.  Such other and further relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for Plaintiff in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or is the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated except that the Plaintiff herein has a pending class action complaint (Docket No. MID-L-1078-15) against Sears Roebuck and Company, et als. based on provisions contained within Sears' home improvement contract and the Retail Installment Contract, and individual claims based on Sears' unconscionable commercial practices in performing Plaintiff's home improvements; I further certify that I know of no party who should be joined in the action at the time.

THE WOLF LAW FIRM, LLC

Dated: April 19, 2017

Matthew S. Oorbeek, Esq.
*Attorneys for Plaintiff*
*and all others similarly situated*



EXHIBIT A

CLASS ACTION COMPLAINT & JURY DEMAND
*Sparks, Kandace v. Service Finance Company*
Docket No. *TO BE SUPPLIED*

**Sears**
**Home Improvement Products**

Office Location: NEW JERSEY NORTH

| Proposal Date 03/08/2014 | Job Number 16870719 |
|---|---|

Sears Home Improvement Products, Inc.
P.O. Box 522290
1024 Florida Central Parkway
Longwood, FL 32750-7579
Phone (800) 469-4663

Contractor License/Registration Number
A substantial part of the work which we undertake in the State of New Jersey may be performed by independent licensed plumbing contractors or subcontractors.

Customer Name
KANDACE SPARKS

Customer's Home Phone
Redacted

Customer's Work Phone

Street Address
Redacted

City
Redacted

State  Zip Code
Redacted

Installation Address County Redacted

**ESTIMATE AND PROPOSAL**
**Bathroom Remodeling**

Is installation within city limits?
(Yes/No): YES

| Billing Address (if different from above) | City | State  Zip Code |
|---|---|---|

Project Consultant Name & License No. (if applicable)
MONICA KIRBY          30615

**Description of the Project and Description of the Significant Materials to be Used and Equipment to be Installed**

| Shower/Tub (including surrounds) | STRAIGHT FRONT TUB / SIERRA TILE |
|---|---|
| Shower Doors | NONE |
| Cabinets/Vanities | UP SWING DOOR MEDICINE CABINET W/ LIGHTS |
| Countertops | NONE |
| Flooring | GOOD - SIERRA 12 |
| Mirrors/Lighting | NONE |

The Bathroom Remodel Addendum is made a part of and incorporated into this contract by reference.     Customer(s) Initials

Additional work to be done: MASTER BATH & GUEST BATH

Work NOT to be done:     Removal or moving of any walls, painting, wallpaper work, repairs of water or termite damage to sub-floors or walls, electrical or plumbing work outside of this bathroom project.
NO TOWEL RACK OR TOILET PAPER HOLDERS

SPECIAL INSTRUCTIONS: INSTALL NEW SHOWER VALVE, ETC. BUT REUSE EXISTING SHOWER HEAD, PROTECT THE CARPET THRU OUT HOME

All of the above check boxes, "Work NOT to be done," "Additional work to be done," and "Special Instructions" sections have been reviewed and explained to me.     Customer(s) Initials

SBR1-NJ (Dig.) Rev 08/13/12          Page 1 of 3

Job Number: 16870719

## APPROXIMATE START DATE and APPROXIMATE COMPLETION DATE:

The work will start approximately 06/27/2014 _____ (Approximate Start Date)

It will be substantially completed by approximately 07/11/2014 _____ (Approximate Completion Date)

These dates are subject to change at the time the contract is accepted by Sears Home Improvement Products, Inc. ("Sears") or at any other time by mutual written agreement. Customer understands that the Approximate Start Date is only an estimated date and the Customer will be contacted prior to this date to schedule the actual start date.

**MOLD REMEDIATION:** This Estimate and Proposal assumes that no mold remediation will be needed during installation work. If, upon inspection by the contractor or others, it is learned that mold remediation is necessary then Customer must arrange and pay for such remediation by a qualified person prior to the start or continuation of work. If Customer fails to arrange for necessary mold remediation within thirty (30) days, Sears may cancel this contract upon written notice to Customer.

Customer(s) initials _____

**PLEASE NOTE** that Sears is not responsible for correcting any existing code violations or pre-existing conditions of any subflooring not being replaced at this time. If additional work is required, it will be the Customer's responsibility. Any additional charges will be quoted and approved prior to the start of any additional work.

Customer(s) initials _____

**ASBESTOS ABATEMENT:** This Estimate and Proposal assumes that there are no asbestos containing materials ("ACMs") that would be disturbed in the performance of the installation work. If upon further inspection by the contractor or others it is learned that ACMs have to be disturbed to perform work, then Customer must arrange and pay for abatement of asbestos by a qualified person prior to the start or continuation of work. If Customer fails to arrange for necessary asbestos abatement within thirty (30) days, Sears may cancel this contract upon written notice to Customer.

Customer(s) initials _____

| The TOTAL PRICE including all labor, material, taxes and any applicable discount is $ 17,249.45 | Contract Price | $ 17,249.45 |
| Initial Payment (not to exceed 30% of Total Price unless Special Order) $ 5,174.84 | State Sales Tax ( 0.00 %) | $ 0.00 |
| Final Payment (balance payable upon completion of job) $ 12,074.61 | Local Sales Tax ( 0.00 %) | $ 0.00 |

The Initial Payment is due prior to Sears ordering products.

The form and method by which the Customer(s) will pay is described in a separate Cash/Credit Card Payment Addendum made a part of and incorporated into this contract by reference.     Customer(s) initials _____   Total Amount Due $ 17,249.45

**NOTICE TO BUYER: YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY (FIFTH BUSINESS DAY IN ALASKA, FIFTEENTH BUSINESS DAY IN NORTH DAKOTA IF YOU ARE AGE 65 OR OLDER) AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.**

## ADDITIONAL PROVISIONS

**Proposal and Approval.** Sears offers to furnish the materials and arrange for their delivery and installation as specified on the first page and/or the attached sketches and specification sheets for the TOTAL PRICE shown. This offer must be approved by the Installation Department. If this is a credit sale or a payment on completion sale, it must be approved by the Credit Sales Department. If this proposal is not approved or the installation cannot be made in accordance with the law, this offer will be withdrawn and any payments you have made will be refunded to you. Any materials left over after the installation has been completed are Sears property and will be removed by Sears.

**Installation.** I understand that Sears will not install the materials but will arrange for the installation. Sears is not responsible for materials or installation NOT furnished or arranged by Sears. Sears installation contractor(s) will obtain all building permits required by local law. For homes located in historic or landmark zoning districts, Customer will be responsible for obtaining required approvals and related permits prior to the commencement of work on this contract.

**Authorization.** I authorize Sears to: (1) arrange for a contractor, (licensed where required by law) to make the installation of materials; (2) issue a work order for this installation to a contractor; (3) inspect the installation; and (4) pay the contractor when the installation is complete, if I have signed a certificate that the installation has been completed to my satisfaction.

**Delays in Installation.** I agree that Sears is not responsible for delays in delivery or installation due to weather, fire, strikes, war, government regulations or any causes beyond Sears control.

**Oral Agreements and Changes in Contract.** I understand that there are no oral agreements between Sears and me. Everything I expect Sears to do has been included in writing in this contract. Nothing can be changed in this contract unless it is in writing on a separate form accepted by me and Sears.

**Responsibility of Buyer.** I agree that any information or measurements that I give to Sears are correct and complete. I am responsible for any special work described in this contract.

**Electrical & Plumbing Service.** I will provide adequate electrical and/or plumbing service(s) to run any newly installed appliances or other furnishings. If the electrical and/or plumbing service(s) do not meet the standards of the utility company or electrical and/or plumbing codes, I will make the necessary changes at my expense unless Sears has agreed in this contract to make the changes.

**Payment.** I will pay Sears the cash price that covers the price of material and installation as shown on the first page.

**Warranty Information.** Appropriate product warranty documents will be given to me by Sears. Sears' Warranty on installation is:

## SEARS' LIMITED WARRANTY ON INSTALLATION

In addition to any manufacturer warranty extended to you on the product(s) used (which warranty becomes effective the date the merchandise is installed). If the workmanship (or application) of any Sears arranged installation proves faulty within one year after the completion of installation, then upon notice from you Sears will cause such faults to be corrected by repair at no additional cost to you. If Sears determines that repair is not commercially practicable or cannot be timely made, then, at Sears' sole discretion, Sears may elect to provide replacement or refund. Service under this Limited Warranty is available by calling Sears Home Improvement Products at 1-800-222-5030, Option 4. This warranty gives you specific legal rights, and you may also have other rights that vary from State to State.

SBR1-NJ (Dig.)  Rev.08/13/12                                                                                    Page 2 of 3

Job Number: 16870719

## NOTICE TO BUYER

NOTICE TO BUYER: YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY [FIFTH BUSINESS DAY IN ALASKA, FIFTEENTH BUSINESS DAY IN NORTH DAKOTA IF YOU ARE AGE 65 OR OLDER] AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.

1. DO NOT SIGN THE AGREEMENT IF ANY OF THE SPACES INTENDED FOR THE AGREED TERMS TO THE EXTENT OF THE AVAILABLE INFORMATION ARE LEFT BLANK.

2. YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT AT THE TIME YOU SIGN IT. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.

3. YOU MAY PAY OFF THE FULL UNPAID BALANCE DUE UNDER THE AGREEMENT AT ANY TIME, AND IN SO DOING YOU SHALL BE ENTITLED TO A FULL REBATE OF THE UNEARNED FINANCE AND INSURANCE CHARGES.

4. YOU MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY [FIFTH BUSINESS DAY IN ALASKA, FIFTEENTH BUSINESS DAY IN NORTH DAKOTA IF YOU ARE AGE 65 OR OLDER] AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT. FAILURE TO EXERCISE THIS OPTION, HOWEVER, WILL NOT INTERFERE WITH ANY OTHER REMEDIES AGAINST THE RETAIL SELLER YOU MAY POSSESS. IF YOU WISH, YOU MAY USE THIS PAGE AS NOTIFICATION BY WRITING "I HEREBY RESCIND" AND ADDING YOUR NAME AND ADDRESS. A DUPLICATE OF THIS RECEIPT IS PROVIDED BY THE SELLER FOR YOUR RECORDS.

5. IT SHALL NOT BE LEGAL FOR THE SELLER TO ENTER YOUR PREMISES UNLAWFULLY OR COMMIT ANY BREACH OF THE PEACE TO REPOSSESS GOODS PURCHASED UNDER THIS AGREEMENT.

## NOTICE TO CONSUMER

YOU MAY CANCEL THIS CONTRACT AT ANY TIME BEFORE MIDNIGHT OF THE THIRD BUSINESS DAY AFTER RECEIVING A COPY OF THIS CONTRACT. IF YOU WISH TO CANCEL THIS CONTRACT, YOU MUST EITHER:

1. SEND A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED; OR

2. PERSONALLY DELIVER A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION TO:

    Sears Home Improvement Products, Inc.
    P.O. Box 522290
    1024 Florida Central Parkway
    Longwood, Florida 32750-7579

If you cancel this contract within the three-day period, you are entitled to a full refund of your money. Refunds must be made within 30 days of the contractor's receipt of the cancellation notice.

## NOTICE TO OWNER

Do not sign this contract in blank.

You are entitled to a copy of the contract at the time you sign.

Keep it to protect your legal rights.

Do not sign any completion certificate or agreement stating that you are satisfied with the entire project before this project is complete. Home repair contractors are prohibited by law from requesting or accepting a certificate of completion signed by the owner prior to the actual completion of the work to be performed under the home repair contract.

| | | | |
|---|---|---|---|
| _[signature]_ | 03/08/2014 | _[signature]_ | 03/08/2014 |
| Customer's signature | Date | Customer's signature | Date |

Accepted by Sears Home Improvement Products, Inc. ("Sears") on  03/08/2014   by: _[signature]_

Date                          Management Representative

Regulated by the New Jersey Division of Consumer Affairs, 124 Halsey Street, Newark, NJ 07102; toll free consumer hotline (800) 242-5846.

SBR1-NJ (Dig.)  Rev 08/13/12                                                    Page 3 of 3

# Bathroom Remodel Addendum

## Consultation Info

| | | | | | |
|---|---|---|---|---|---|
| Lead Number: | 16870719 | Date: | 3/8/2014 | Sales Rep: | Monica Kirby |
| Customer Name: | KANDACE SPARKS | | | Phone: | Redacted |
| Address: | Redacted | | | | |
| City: | Redacted | State: | Redacted | Zipcode: | Redacted |

## Worksheet Summary

| Description | Comments |
|---|---|
| Quote 1 | |

## Proposal Items

| Code | Description |
|---|---|
| B11816-12TL | Flooring - Tile.  Good - Sierra 12" |
| | Adders:  Flooring Styles: SIERRA 12"<br>Flooring Finishes: 1535 VAIL |
| B116TL | Flooring - Tile.  Install Backer board/ Hardy Board  (labor and mat'l |
| B133FL | Flooring non product specific.  Remove & Haul Away Existing Ceramic Tile |
| B150 | Job Extras.  Removal of Existing Walls |
| B203 | Plumbing.  Sink and Faucet hook up |
| B206 | Electrical.  Install 1 Breaker, 1 Outlet and/or 1 Switch |
| B751 | Miscellaneous.  Lead Safe - Bath Remodel |
| Cimarron Ped 4 | Pedestal Sink.  Kohler - BK-2362-4 - Cimarron - Pedestal Sink 4" Center, (UD) |
| | Adders:  Ped Sink Finish: White |
| D2592 | Faucet Lavatory.  Delta - D2592-MPU-DST - Addision - Centerset Faucet (UD) |
| | Adders:  Faucet Finish: Chrome |
| Drains | Drains.  Drains |
| | Adders:  Drain Finish: Chrome |
| Grab Bars | Grab Bars.  Grab Bar |
| | Adders:  Grab Bar Width: 18"<br>Grab Bar Finish: White/Chrome |
| Karsten DF EL | Toilet.  Karsten Dual Force Toilet Elong Bowl |
| | Adders:  Toilet Finish: White |
| Over Flow | Over Flow.  Over Flow |
| | Adders:  Over Flow Finish: Chrome |
| Sierra Tile | Tile Surrounds.  Sierra Tile |
| | Adders:  Tile Surround Color: Vail |
| Soap Dish | Tile Surrounds.  Ceramic Tile Soap Dish |
| | Adders:  Tile Surround Soap Dish Finish: White |
| Straight Front | Am Acrylic Bath Sys.  Straight Front Tub |
| | Adders:  Tub Length: 60"<br>Tub Depth: 16"<br>Tub Width: 30"<br>Tub Drain: Right<br>Tub Finish: White |
| Stud Replacement | Job Extras.  Stud Replacement |

# Bathroom Remodel Addendum

| Code | Description | |
|---|---|---|
| | Proposal Items | |
| T104 | Extra Labor. Install Drywall | |
| T13420 | Tub / Shower. Delta - T13420 - Classic - Tub & Shower Faucet (requires R10000UNWS) | |
| | Admin. Faucet Finish Chrome | |
| Up. Swing Door w/ Lights | Medicine Cabinets. Up. Swing Door Medicine Cabinet w/ Lights | |
| | Allure: | Bench Vanity Width 18" |
| | | Bench Vanity Height 33" |
| | | Bench Vanity L or R. Right |
| | | Bench Wood Species: Select Alder |
| | | Bench Finish Color: Harvest |
| | | Bench Hardware: 623BC - Brushed Chrome |



| | | | |
|---|---|---|---|
| *[signature]* | 03/06/2014 | | 03/06/2014 |
| Customer Signature | Date | Customer Signature | Date |



EXHIBIT B

CLASS ACTION COMPLAINT & JURY DEMAND
*Sparks, Kandace v. Service Finance Company*
Docket No. *TO BE SUPPLIED*

(5 unread) - steelergirl69 - Yahoo Mail                                                    Page 1 of 1



March 8, 2014

Kandace Sparks:
Application: 16870719
Loan Number: 1199933

Congratulations!

After reviewing your request to finance your home improvements, we were able to obtain a pre-approval for **$17,249.45 ($269.89 /monthly for 8 years @9.99 % Interest /no pre-payment penalty).**

To sign your edocs, please log into www.svcfin.com and click on the orange button that says "Sign Your Loan Documents". Follow the instructions after clicking the button. If you have any questions, please refer to the attatchment.

The following stipulations are needed to approve your loan:

   ✓   **Proof of Income: paystub dated within the last 30 days.** (Note: If paid bi-weekly – we will need 2 paystubs or 4 paystubs if applicant is paid weekly.)
   ✓   For self employment, include the 2 most recent years of tax returns with profit and loss include all schedules. For retirement incomes include your most recent annuity/award letter or 1099-R.

Note: If dates are older then 30 days, this may delay your project from starting.



EXHIBIT C

CLASS ACTION COMPLAINT & JURY DEMAND
*Sparks, Kandace v. Service Finance Company*
Docket No. *TO BE SUPPLIED*

**WELCOME TO A SAFE, FAST, FRIENDLY, "GREEN" PAPER-FREE TRANSACTION!**

Before you click to sign there are a few things we want you to know. Please read this information carefully and thoroughly, and if you can access this information electronically to your satisfaction and you agree to these terms and conditions, then just click the 'Click to Sign' button!

Simple and Safe Electronic Delivery of Your Documents. By clicking the 'Click to Sign' button, you will receive your contract documents and disclosures (collectively, "Documents") and any changes to the Documents, electronically – using the CleanClose® electronic signing system with RPost® technology. That means you have to have or be able to access, at your own expense, an Internet-connected device (such as a computer, smart phone or iPad) which meets the minimum requirements described below. You also confirm that your device will permit you to access and keep the Documents electronically. Unless you tell us otherwise, as discussed below, we will provide you electronically all the required notices, disclosures and other documents that are required to be provided to you during the course of our relationship with you. You agree that we have sole discretion to convert the electronic original to a paper original which shall serve as the authoritative copy.

Getting Paper Copies – If You Want Them! You have the right to receive a paper copy of any Document at no charge. Contact us by phone: 866 254-0497, fax: 866 257-8122, Email: info@svcfin.com or mail: 555 South Federal Hwy, Suite 200, Boca Raton, FL 33432 for more information.

If You Change Your Mind – It's Easy to Withdraw Your Consent. You can also contact us in any of the ways described in the preceding paragraph to withdraw your consent to receive any future Documents electronically. Just give us your name, e-mail and mailing address and be sure to state you are withdrawing your consent to receive electronic documents.

Simple! – What You Need To Receive Electronic Documents. To receive an electronic copy of the Documents, all you need to have is following equipment and software:

• A personal computer or other device (such as a smart phone or iPad) that can access the Internet. If you are accessing this page on a device you own, then this verifies that your system/device meets these requirements.

• A device and Internet web browser and that is capable of supporting 128-bit SSL encrypted communications, which requires a minimum web browser version of Mozilla Firefox 2.0 or above (Windows and Mac); Safari™ 3.0 or above (Mac only) or Microsoft® Internet Explorer version 6.0. If you are accessing this page on a device you own, then this verifies that your browser and encryption software/device meet these requirements.

- Software that permits you to receive and access Portable Document Format or "PDF" files, such as Adobe Acrobat Reader®. If you are accessing this page on a device you own, this verifies that your system/device has the necessary software to permit you to receive and access PDF files. (The software is also available for downloading at http://www.adobe.com/products/acrobat/readstep2.html)

Keeping Your Documents. To retain a copy of the Documents, your device must have the ability to download and store PDF files.

**We also want to remind you to please make sure to read each page of your Documents and ask any questions you might have!**

By clicking on the 'Click to Sign' button below, you confirm (i) you can access and read this document; and (ii) that you can print this disclosure on paper or save it or send it to a place where you can print it, for future reference and access; and (iii) we will only provide you with electronic copies of your Documents, unless you request a paper copy, as discussed above.

Rev927012_v.1

## NOTICE REGARDING REQUIRED DOCUMENTATION

THIS RETAIL INSTALLMENT CONTRACT SHALL NOT BE BINDING ON THE DEALER UNLESS THE BUYER DELIVERS ALL REQUESTED DOCUMENTATION TO THE DEALER IN A FORM SATISFACTORY TO THE DEALER.

## NOTICE REGARDING PROMOTIONAL (DEFERRED INTEREST) LOANS

### ****ALL OTHER BUYERSPROCEED TO PAGE TWO****

INTEREST WILL NOT BE CHARGED. THE INTEREST DESCRIBED IN THE TRUTH-IN-LENDING DISCLOSURE WILL NOT BE CHARGED TO YOU IF YOU SUCCESSFULLY COMPLY WITH THE TERMS OF YOUR PROMOTIONAL (DEFERRED INTEREST) LOAN AS SET FORTH ON THE FIRST PAGE OF THE RETAIL INSTALLMENT CONTRACTOR THE ADDENDUM THERETO WHICH ARE INCLUDED IN THIS PACKAGE.

THE TRUTH-IN-LENDING DISCLOSURE CAN BE FOUND ON PAGE ONE OF THE RETAIL INSTALLMENT CONTRACT.

IF YOU HAVE ANY QUESTIONS PLEASE CALL SERVICE FINANCE COMPANY AT 866-254-0497, EXTENSION 194.

# Home Improvement Retail Installment Contract

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| Sears Home Improvement Products Inc | KANDACE J. SPARKS<br>Redacted | No. | 1199933 |
| 1024 FLORIDA CENTRAL PARKWAY<br>LONGWOOD, FL 32750 | | Date | 03/08/14 |
| "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer signing below, jointly and individually. | | |

## Truth in Lending Disclosure

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of. |
|---|---|---|---|---|
| 9.990 % | $ 7959.88 | $ 17249.45 | $ 25209.33 | $ 0.00<br>$ 25209.33 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 97 | $ 259.89 | Monthly, estimated to begin 30 days after the date of the borrower verification call |
| | $ | |
| | $ | |

Security: You are giving us a security interest in

☒ the Goods purchased.

☐ the following described personal property

Prepayment: If you pay off this Contract early, you ☐ may ☒ will not have to pay a penalty.

Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

"e" means estimate

## Sales Agreement

Sale. You agree to purchase from us the goods and/or services described below according to the terms of this Contract. The term "Contract" means this document and any separate document which secures this Contract.

Description of Goods and/or Services Purchased  KITCHEN OR BATH REMODEL

Description of Other Collateral (Not household goods)

☐ Service Contract. With your purchase of the Goods, you agree to purchase a Service Contract to cover  N/A

. This Service Contract will be in effect for

Promise To Pay and Payment Terms. You promise to pay us the principal amount of $ 17249.45 , plus interest on the unpaid balance at the rate of 9.990 % per year until this Contract is paid in full. Interest will begin to accrue on  The Date of The Borrower Verification Call . You agree to pay this Contract according to the payment schedule shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms of this Contract.

Down Payment. You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

☐ Prepayment Penalty. You agree to pay a penalty of $ if you pay this Contract in full within 12 months after the first scheduled payment.

Initials for Sarah SHARON

## Assignment

This Contract is assigned to Assignee (identify):

**Service Finance Co. LLC.**

**555 S Federal Hwy #200, Boca Raton FL 33432**

This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

## Itemization of Amount Financed

| | | |
|---|---|---|
| Goods and/or Services Price (not including sales tax) | $ | 17249.45 |
| Service Contract, Paid to: | | |
| N/A | $ | 0.00 |
| 1. Cash Price | $ | 17249.45 |
| Manufacturer's Rebate | $ | 0.00 |
| Cash Down Payment | $ | 0.00 |
| Deferred Down Payment | $ | 0.00 |
| 2. Subtotal | $ | 0.00 |
| Trade-in Allowance | $ | 0.00 |
| Less: Amount Owing | | |
| To: N/A | $ | 0.00 |
| 3. Net Trade-In | $ | 0.00 |
| 4. Total Down Payment (line 2 plus line 3) | $ | 0.00 |
| Sales tax: Cash Price minus Trade-in equals Adjusted Cash Price | | |
| for 5. Sales Tax | $ | 0.00 |
| 5. Unpaid Balance of Cash Price (line 1 minus line 4 plus line 5) | $ | 17249.45 |
| Fees Paid to Others: | | |
| Paid to Public Officials - Filing Fees Only | $ | 0.00 |
| Paid to Public Officials - Other than Filing Fees | $ | 0.00 |
| Insurance Premiums* | $ | 0.00 |
| To: Title Services | $ | 0.00 |
| To: Credit Investigation | $ | 0.00 |
| To: Title Search | $ | 0.00 |
| To: N/A | $ | 0.00 |
| To: N/A | $ | 0.00 |
| 7. Subtotal (line 6 plus all Fees Paid to Others) | $ | 17249.45 |
| 8. Prepaid Finance Charges | $ | 0.00 |
| Amount Financed (line 7 minus line 8) | $ | 17249.45 |

*We may retain or receive a portion of this amount.

## Insurance Disclosures

Credit insurance, Credit life, credit accident and health (disability), and any other insurance coverages quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None

Premium $ _____  Term _____

Insured

**Credit Disability**
☐ Single  ☐ Joint  ☒ None

Premium $ _____  Term _____

Insured

---

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined this coverage we offered.

**KANDACE J. SPARKS** _____ DOB _____

_____ DOB _____

_____ DOB _____

_____ DOB _____

**Property Insurance.** You must insure the Property securing this Contract. You may purchase or provide this insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed

$ 0.00 _____ We do not offer liability insurance coverage for bodily injury and/or property damage.

**Other Insurance Disclosures.** Workmen's Compensation insurance is applicable to this project. ☐ It is carried by us. ☐ It is not carried by us.

☐ We qualify as self insured.

Public Liability insurance is applicable to this project and is carried by us.

## Additional Terms of the Sales Agreement

**Prepayment.** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

You may obtain from us, or the insurance company named in your policy (or certificate of insurance), a refund of any unearned insurance premiums.

**General Terms.** You agreed to purchase the Goods and service over time. We assume in the disclosure of the Total Sale Price that you will make all payments on time. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect any interest or fee, that is more than state or federal law allows. If we collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid the Contract in full.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

You agree that the law of New Jersey will govern this transaction. Federal law may also apply.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

1. You fail to make a payment in full when it is due.
2. You fail to perform any obligation that you have undertaken in this Contract (which includes doing something you have agreed not to do).

3.   You make any written statement or provide any financial information that is untrue or misleading at the time you gave it to us.

If you are in default on a payment for 10 days, you agree to pay our reasonable attorneys' fees upon referral to an attorney who is not a salaried employee of ours, plus court costs and expenses for retaking and storing repossessed goods when not authorized by law.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law, this Contract, any separate personal property security agreement, and any separate real estate mortgage. These include: (as the exceptions in the event).

1.   We can require you to pay us all the principal you owe us, including the amount that would have been due in the future, plus interest.

2.   We can add unpaid interest, other charges, expenses, or charges on the Property that you fail to pay. We can then collect such payments from you immediately, and such amount will earn interest at the rate on this Contract.

3.   We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

4.   We may immediately take possession of the Property if we do so lawfully. We may then sell the Property and apply what we receive to our reasonable expenses and then toward your obligations.

5.   Except when prohibited by law, we may sue you for additional amounts if the amount we get from a sale does not pay all you owe us.

Paragraphs 3 and 4, do not apply to any land which may secure this Contract.

By choosing any one or more of these rights, we do not give up our right to later use another one. If we decide to ignore something you do (or fail to do) which is a default under this Contract, we may later treat that type of event to be a default.

If we take Property that secures payment of this Contract, we must send you notice of our intention to sell it. You agree that 10 days' notice mailed to you at your address on page 1 of this Contract is reasonable. (When land is the security, other rules apply.)

If the U.S. Department of Housing and Urban Development insures this Contract under a Title 1 Property Improvement Loan Regulations, our right to make you pay off the entire Contract is subject to the limitations of those regulations.

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**Independent Responsibility.** Each of you who signs this Contract is independently responsible to pay it and to keep the other promises. This is true even if:

1.   Someone else has also signed it.

2.   We release or do not try to collect from another who is also responsible to pay this Contract.

3.   We release any security or do not try to take back any Property.

4.   We give up any other rights we may have.

5.   We extend new credit or renew this Contract.

**Warranties.** We will provide any warranty information to you separately.

**Waiver.** To the extent permitted by law, you agree to give up your rights to require us to do certain things. You do not require us to:

1.   demand payment of amounts due;

2.   give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or,

3.   give notice that we intend to make, or are making, this Contract immediately due.

**Security Agreement**

**Security.** In this Contract, the term "Property" refers to any collateral which secures this Contract, whether by this or separate form, as indicated immediately below.

[X] You give us a security interest in the goods (Goods) and in any other collateral described above, plus all accessions to such Property.

**Additional Security.** You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Ownership and Duties Toward Property.** If you give us a security interest or a real estate mortgage in Property, you agree to the following:

1.   You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property valid.

2.   The security interest you are giving us in the Property comes ahead of the claim of any other creditor. You agree to sign any additional documents or provide us with any additional information we may require to keep the priority of our claim to the Property. You will not do anything to change our interest in the Property.

3.   You will keep the Property in your possession, in good condition, and at the address listed on page 1 of this Contract. You will use the Property for its intended and lawful purposes.

4.   You will not try to sell or transfer any rights in the Property.

5.   You will pay all taxes, fees, and expenses on the Property when due.

6.   You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection.

**Insurance.** If you secure this Contract with Property, you must insure the Property against loss and physical damage. You must arrange for the insurance company to name us on the policy as the first to be paid in the event of a loss. If a loss occurs and is cleared, we may pay all this Contract. You remain responsible for the balance. You will keep the insurance in effect until you pay this Contract in full.

If you do not keep these promises, we may buy insurance to protect our interest in the Property. The insurance we buy only insures coverage beyond those we make you buy may cost more to buy or may be more than you might have if you buy it yourself. You will add the premium to, though we may require you to pay us immediately.

**Notices**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

[This area intentionally left blank.]

Home Improvement Retail Installment Contract - NJ
Bankers Systems™
Wolters Kluwer Financial Services © 1998, 2011

## Signatures

### NOTICE TO OWNER

Do not sign this contract in blank.

You are entitled to a copy of the contract at the time you sign.

Keep it to protect your legal rights.

Do not sign any completion certificate or agreement stating that you are satisfied with the entire project before this project is complete. Home repair contractors are prohibited by law from requesting or accepting a certificate of completion signed by the owner prior to the actual completion of the work to be performed under the home repair contract.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON ALL PAGES OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer

_Kandace Jel Sparks 3/19/2014_

_____    _____
KANDACE J. SPARKS                              Date

_____    _____
                                                          Date

_____    _____
                                                          Date

Print buyer's address below signature if other than shown on page 1.

Seller

_____    _____
Sears Home Improvement Products Inc          Date

Our License, Reference, or Certificate Number:

DISBURSEMENT DATE: _____ (This date is for Title 1 HUD insurance purposes and Seller may fill in this date after the Buyer signs it to reflect the actual disbursement date. It may appear only on the original form.)

## Promotional Period Offer

If you pay the entire Amount Financed on or before this date that your payment becomes due (this is the "promotional period"), then you will not have to pay any Finance Charge * and any Finance Charge paid by you through that date will be refunded to you. However, if you choose not to pay the entire Amount Financed on or before the end of the promotional period, then you will be responsible for paying the Finance Charge which will accrue as set forth in the Truth In Lending Disclosures. Also, if during the promotional period we receive one or more scheduled payments from you after the date those payments are due (meaning you make one or more payments that the promotional period offer under) and you will be responsible for paying the Finance Charge, which will accrue as set forth in the Truth In Lending Disclosures.

[✓] Your signature below means you understand and agree that the promotional period offer set forth above does NOT apply to your transaction.

[ ] Your signature below means you understand and agree that the promotional period offer set forth above does apply to your transaction.

_Kandace Jel Sparks 3/19/2014_

### KANDACE J. SPARKS

_____

**SERVICE FINANCE COMPANY LLC** (866) 254-0497    Service Finance Credit Application

DEALER NAME: Sears Home Improvement Products Inc.          DEALER NUMBER: 11876

SALES PERSON:                                              SALES PERSON PH.:

SALES AMOUNT: 17249.45

PROPERTY IMPROVEMENT: KITCHEN OR BATH REMODEL          TYPE OF PROPERTY: Single Family

## CONSUMER LOAN APPLICATION

### PRIMARY BORROWER:

Name of Applicant: KANDACE J. SPARKS

| | | |
|---|---|---|
| Home Phone: Redacted | Cell Phone | Email: Redacted |
| SSN: XXX-XX-Redacted | DOB: Redacted | Redacted |
| Salary: Annual | Salary per Week or Month: | |
| Other Income Source: | Other Income Term | |

Employers Name & Business Address: Redacted

| | | |
|---|---|---|
| Number of Years: 1 | Business Phone: Redacted | Position: Unknown |

(YOU DO NOT HAVE TO USE INCOME FROM ALIMONY, CHILD SUPPORT OR MAINTENANCE UNLESS YOU WANT IT CONSIDERED FOR THIS LOAN)

Current Address: Redacted

| | | |
|---|---|---|
| How Long? 5 | Own or Rent: Own | Monthly Payment: 259.89 |

Subject Property [ ] Same as Current Address

Address:

For WI residents if you are applying for individual credit or joint credit with someone who is not your spouse, combine your and your spouse's financial information on this form.

### CO-BORROWER:

NAME of Co-Applicant (if Any):

| | | |
|---|---|---|
| Home Phone: | Cell Phone | Email: |
| SSN: | DOB: | |
| Salary: Annual | Salary per Week or Month: | |
| Other Income Source: | Other Income Term | |

Employers Name & Address:

| | | |
|---|---|---|
| Number of Years: | Business Phone: | Position: |

(YOU DO NOT HAVE TO USE INCOME FROM ALIMONY, CHILD SUPPORT OR MAINTENANCE UNLESS YOU WANT IT CONSIDERED FOR THIS LOAN)

Current Address:

| | | |
|---|---|---|
| How Long? | Own or Rent: | Monthly Payment: |

By signing this application, I authorize Service Finance Company, LLC ("SFC") to process my credit application using all of the information I have provided. I hereby consent to you sharing this information (and whether this application is approved or declined) with interested third parties, including dealers that accept this application. I affirm that the information I have submitted is complete and truthful. I authorize you to make inquires you consider necessary (including requesting reports from consumer reporting agencies and other sources) in evaluating my application and, subsequently, for purposes of reviewing, maintaining or collecting on my account. Upon my request you will advise me of the name and address of each consumer reporting agency from which you obtained a report. I acknowledge that the dealer will collect information to verify my identity as required by law.

| APPLICANT SIGNATURE: | DATE: | CO-APPLICANT SIGNATURE: | DATE: |
|---|---|---|---|
| *Kandace J. Sparks 03/08/2014* | 03/08/14 | X | 03/08/14 |
| KANDACE J. SPARKS | | | |

SFC Application NLS v.0512_v26

| NOTICE OF RIGHT TO CANCEL<br><br>Regarding Retail Installment Contract<br>No. 1199933 | Seller<br>Sears Home Improvement Products Inc<br>1024 FLORIDA CENTRAL PARKWAY<br>LONGWOOD, FL 32750<br><br>"Seller" means the above-named party, its successors and assigns. | Buyer<br>KANDACE J. SPARKS<br>Redacted<br><br>"You" and "your" mean each Buyer above, jointly and individually. |

This NOTICE OF RIGHT TO CANCEL describes your rights under the Retail Installment Contract ("Contract") that you have signed, or will sign, on the "date of transaction" given below in the NOTICE OF CANCELLATION.

You acknowledge that you have received a copy of the two NOTICE OF CANCELLATION sections below, both completed with the Seller's name and address, the date of the Retail Installment Contract and the date by which you may give notice if you choose to cancel the Contract. You acknowledge that the Seller has also orally explained your right to cancel.

Buyer(s): _Kandace M. Sparks 3/08/2014_

_____
Signature KANDACE J. SPARKS          Today's Date

_____
Signature                              Today's Date

| NOTICE OF CANCELLATION | NOTICE OF CANCELLATION |
|---|---|
| (enter date of transaction)<br>03/08/14 _____ (Date)<br>    You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS from the above date.<br>    If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be canceled.<br>    If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.<br>    If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.<br>    To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to _____<br>Sears Home Improvement Products Inc at _____<br>1024 FLORIDA CENTRAL PARKWAY, LONGWOOD, FL 32750 NOT LATER THAN MIDNIGHT OF _____ 2014/03/12 _____ (date).<br><br>    I HEREBY CANCEL THIS TRANSACTION.<br>(Date) _____<br><br>(Buyer's Signature) _____<br>(Buyer's Copy - Keep for your records) | (enter date of transaction)<br>03/08/14 _____ (Date)<br>    You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS from the above date.<br>    If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be canceled.<br>    If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.<br>    If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.<br>    To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to _____<br>Sears Home Improvement Products Inc at _____<br>1024 FLORIDA CENTRAL PARKWAY, LONGWOOD, FL 32750 NOT LATER THAN MIDNIGHT OF _____ 2014/03/12 _____ (date).<br><br>    I HEREBY CANCEL THIS TRANSACTION.<br>(Date) _____<br><br>(Buyer's Signature) _____<br>(To cancel - complete, tear out and send this copy) |



**EXHIBIT D**

## IMPORTANT PRIVACY INFORMATION

**Our Commitment**

This information is being provided by Service Finance Company, LLC. We obtain and use information about you to enable you to obtain financing for your home improvement projects. We appreciate and respect the trust you show in providing information to us. We value our relationship with you, so therefore, explaining to you how we collect, use, and protect customer information is important to us.

**Why We Collect Customer Information**

We collect customer information to identify you, confirm facts about you, and to help us assess your request for financing.

**Customer Information We Collect**

We obtain customer information from a variety of sources, such as:

Information that you, or others on your behalf, provide on applications and other forms, including identifying information such as name, address, telephone number, email address, Social Security number and credit-related information such as your assets, income, and liabilities.

Information from your dealings and relationships with us, home improvement dealers, and others, such as financing information, services provided to you, and how you perform on your outstanding credit obligations

Information from consumer reporting agencies such as credit history and creditworthiness.

Information, such as employment status and demographic data, from outside sources like home improvement dealers, employers, marketing firms, and other sources.

**Protecting Customer Information**

Safeguarding customer information is important to us. We use systems, policies, and procedures to maintain the accuracy of customer information and to protect it from loss, misuse, or alteration. Customer information is accessible by appropriate personnel who have a business need for the information. We provide training and communications programs to educate our personnel about the meaning and requirements of this privacy statement.

**How We Use Customer Information**

We use your customer information to meet your requests for financing of your home improvement project, administer your account, and comply with legal requirements. *We do not sell personal information about you to unrelated companies for their independent use. We do share information as permitted by law.*

**Sharing Information With Unrelated Companies**

In order to provide you with the services you request and with other valuable financial products and services, we share customer information with unrelated companies—companies that are not affiliated with us. This sharing allows us to service accounts, provide the services or products requested, report our experiences, protect our business against fraud and unauthorized transactions, and respond to governmental requests and regulatory requirements. We may also share information to offer financial products or services jointly with other financial service providers. We may share customer information about present and former customers with the following type of company:

Financial service providers and non-financial companies that provide services for us or on our behalf, such as companies that prepare account invoices or statements, help us service accounts, promote and market our products, provide computer and systems support, and other services.

Unrelated companies receiving customer information from us enter into agreements with us to protect the information they receive before information is provided. Those agreements also limit the use of the information to providing services we request. *We do not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law.*

## IMPORTANT INFORMATION ABOUT YOUR CHOICE

We are dedicated to serving your needs and to respecting your choices related to privacy. You may tell us not to share information with other companies that wish to offer you their products and services. If you wish to opt out of such information sharing, please call us toll-free at (866) 703-3140. We will ask you to verify your identity and the specific accounts to which the opt out applies, so please have all your account or reference numbers and your Social Security number or Taxpayer Identification number available when you call.

We apply opt outs at the account level, not by individual customer. When any person listed with others on an account opts out (for example, a co-applicant, joint account holder, or authorized user), we will list the entire account as having opted out. We will continue to adhere to our disclosed privacy practices for an account even if it becomes inactive or is closed.

An opt out from information sharing on an account remains effective unless revoked in writing. Federal regulations require us to provide this notice on an annual basis, whether or not an account has previously opted out from either type of information sharing. Please remember when you receive our subsequent notices that an account previously opted out of information sharing (and not revoked in writing) does not need to be opted out again.

3-25-13v4

**Vermont and California Residents**

We do not share any of the personal information that we collect about you without your express written consent, except as otherwise explained in this notice.

**Nevada Residents**

Nevada law requires us to disclose that you may request to be placed on our internal "do not call" list at any time by calling 1-866-379-0019, and that we are providing this notice to you pursuant to state law, and that you may obtain further information by contacting the Nevada Attorney General, 555 E. Washington Ave., Suite 3900, Las Vegas, NV 89101; phone 702-486-3132; email BCPINFO@ag.state.nv.us.

**Texas Residents**

We are licensed and examined by the State of Texas-Office of Consumer Credit Commissioner. Call the consumer Credit Hotline or write for credit information or assistance with credit problems: Office of Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207; (800) 538-1579; www.occc.state.tx.us.

**Future Changes**

This statement updates and replaces any previous statements you may have received from us about the collection, use and protection of customer information. We may change this privacy statement at any time and if we do, we will notify you as required by law.

**Your Choice To Limit Marketing**

By calling us toll free at 1-866-379-0019 you may limit our company from marketing our products or services to you based on your personal information that we collect. This includes identifying information such as name, address and telephone number, and information we get from our dealings with you and the relationship you have with us, such as your account history. Your choice to limit marketing offers from our company will apply to your account with us until you tell us to change your choice. If this is a joint account, we will treat the choice made by one account holder as applying to all account holders on that account. Even if you make a choice to limit marketing offers from our company, we may still market our products and services to you based on information they obtained through an existing relationship with you or as otherwise provided by law.

3-25-13v4

# **EXHIBIT 2**

Matthew S. Oorbeek, Esq. – NJ Attorney ID Number 073242013
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ 08902
(732) 545-7900 – TELEPHONE
(732) 545-1030 – FAX
Attorneys for Plaintiff, Kandace Sparks
*on behalf of herself and others similarly situated*

| | |
|---|---|
| KANDACE SPARKS, on behalf of herself and others similarly situated, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION |
| Plaintiff(s), | Civil Action: |
| vs. | Docket No. MID-L-002441-17 |
| SERVICE FINANCE COMPANY, LLC, | **SUMMONS** |
| Defendant(s). | |

From The State of New Jersey
To The Defendant(s) Named Above: **SERVICE FINANCE COMPANY, LLC**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:  Monday, May 01, 2017          /s/*Michelle M. Smith*
                                      Michelle M. Smith
                                      Clerk of the Superior Court of New Jersey

*Name of defendant to be served*:     **SERVICE FINANCE COMPANY, LLC**

*Address for service*:                c/o NATIONAL REGISTERED AGENTS, INC. OF NJ
                                      100 CANAL POINTE BLVD. SUITE 212
                                      PRINCETON, NJ 08540
                                      **(VIA GUARANTEED SUBPOENA)**

# **EXHIBIT 3**

Bradley L. Mitchell, Esq.
Wade D. Koenecke, Esq.
**STEVENS & LEE**
A Pennsylvania Professional Corporation
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
Tel.: 609-243-9111
E-Mail: blm@stevenslee.com
*Attorneys for Defendant Service Finance Company, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KANDACE SPARKS, on behalf of herself and those similarly situated, ) ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | **CERTIFICATION OF IAN M. BERCH IN SUPPORT OF MOTION TO DISMISS** |
| SERVICE FINANCE COMPANY, LLC, ) | |
| Defendant. ) | ELECTRONICALLY FILED |

**IAN M. BERCH**, being of full age, hereby certifies as follows:

1.      I am a resident of the State of Florida, and am the Chief Operating Officer of Service Finance Company, LLC. ("SFC"). SFC is Florida Limited Liability Company and has a principal place of business located at 555 S. Federal Highway #200, Boca Raton, Florida.

2.      I respectfully submit this certification in support of the Motion of Defendant SFC to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(1) and Federal Rule of Civil Procedure 12(B)(6) (the "Motion").

3.      I have fully reviewed Plaintiff's Complaint and its exhibits, including the Home Improvement Retail Installment Contract (the "RIC") attached as Exhibit C to Plaintiff's Complaint. As such, I am familiar with its contents.

4.      SFC provides a RIC to individuals considering home improvement renovations from a home improvement provider as an optional mechanism to finance those renovations. Once  the RIC is consummated between the individual and the home improvement provider, the RIC may be assigned from the home improvement provider to SFC.

5.      I conducted an investigation of SFC's customer records to determine whether the RIC attached as Exhibit C to Plaintiff's Complaint was ever assigned to SFC.  Based on that investigation, I determined that the RIC was never assigned to SFC.

6.      Not only was the RIC never assigned to SFC, but I also determined from my investigation that SFC never provided financing to Plaintiff vis-à-vis the RIC or otherwise provided any money, property or services to Plaintiff.

7.      I hereby certify that the foregoing statements made by me are true. I understand that if the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Boca Raton, Florida
        June 1, 2017

Ian M. Berch