NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KANDACE SPARKS, on behalf of herself and those similarly situated, | CIVIL ACTION NO. 17-3899 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| SERVICE FINANCE COMPANY, LLC, | |
| Defendant. | |

**LINARES, Chief District Judge**

The plaintiff, Kandace Sparks, brought this action in New Jersey state court to recover damages under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (hereinafter, "the TCCWNA") against the defendant, Service Finance Company, LLC (hereinafter, "SFC"). (ECF No. 1 at 6–38.) *See* N.J.S.A. 56:12-16 – 56:12-17. The complaint contains only one count, which seeks relief under the TCCWNA on behalf of Sparks and for a putative class action. (ECF No. 1 at 13–15.)

Sparks alleges that SFC violated the TCCWNA by "issuing privacy policy notices" that: (1) were related to her "purchase and financing of home improvements goods and/or services"; and (2) "included disclaimers that certain provisions were only applicable 'as permitted by law', 'as otherwise provided by law' and 'as required by law'

without specifying . . . whether any of them are or are not void, unenforceable or inapplicable within the State of New Jersey." (ECF No. 9-1 at 7–8.)

SFC removed this action to federal court pursuant to the Court's diversity jurisdiction as set forth in 28 U.S.C. § 1332(a) (hereinafter, "Section 1332(a)") only. (ECF No. 1 at 2–3.) *See* 28 U.S.C. § 1332(a). Neither party asserts that this action concerns in any way the Class Action Fairness Act (hereinafter, "CAFA"), 28 U.S.C. § 1332(d). (*See generally* ECF No. 1 at 1–3 (SFC's notice of removal not mentioning CAFA at all); *see also* ECF No. 9-1 at 5 (Sparks arguing that SFC's notice of removal makes no mention of CAFA); id. at 11 n.2 (same).)

Sparks argues that her claim will not exceed the jurisdictional threshold amount of $75,000, and thus she moves pursuant to 28 U.S.C. § 1447(c) (hereinafter "Section 1447(c)"): (1) to remand the action for lack of subject-matter jurisdiction; and (2) for an award of costs and attorney fees. (ECF No. 9 through ECF No. 9-5; ECF No. 14 through ECF No. 14-4.) *See* 28 U.S.C. § 1447(c). SFC opposes the motion. (ECF No. 13.)

The Court will resolve the motion upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and the procedural history of the action. For the following reasons, the Court grants the part of the motion wherein Sparks seeks to remand the action, but denies the part of that motion wherein she seeks an award of costs and attorney fees.

## BACKGROUND

### I. TCCWNA

The TCCWNA provides that:

> No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey.

N.J.S.A. 56:12-16.

The TCCWNA also provides that:

> Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs.

N.J.S.A. 56:12-17.

## II. Facts

In 2014, Sparks agreed to pay the nonparty Sears, Roebuck and Company (hereinafter, "Sears") to remodel a bathroom in her home through a monthly installment contract (hereinafter, "the Contract"), which Sears then allegedly assigned to SFC. (ECF No. 1 at 7–8.)

The Contract provided, among other things, that SFC: (1) would "share [her personal] information as provided by law"; (2) would "not share customer information with other companies unless an agreement to protect customer information is in place, except as otherwise permitted by law"; (3) "may change this privacy statement at any time and if we do, we will notify you as required by law"; and (4) could market products and services to her based on information that had been "obtained through an existing relationship with [her], or as otherwise provided by law." (Id. at 9.) The Contract

3

addressed the applicability of the laws of certain states to those aforementioned provisions, but did not address the applicability of the laws of New Jersey. (Id.)

Sparks now "seeks the mandatory minimum $100 statutory penalty under the TCCWNA for herself and all others similarly situated" for SFC's alleged "fail[ure] to specify what the law in New Jersey is and whether . . . [each aforementioned] provision is or is not applicable in New Jersey." (Id. at 6, 11.)

## DISCUSSION

### I. Legal Standard

#### A. Amount In Controversy

"To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties **and an amount in controversy exceeding $75,000.**" *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (emphasis added). In order for a motion to remand based on a deficient amount in controversy to be granted, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Cannot Aggregate Claims In A Non-CAFA Case

In a putative class action wherein a party asserts that a district court has subject-matter jurisdiction under Section 1332(a) only, *i.e.*, in a non-CAFA case, there is a "rule against aggregating claims, which requires that each plaintiff individually seek at least the jurisdictional amount in controversy." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148–49 (3d Cir. 2009) (footnote omitted); *see also Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (holding that the separate claims of the putative class members cannot be aggregated for the purposes of reaching the requisite amount in controversy for diversity jurisdiction); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d. Cir. 1993) (vacating a judgment entered in a class action, and remanding the case to the district court with instructions to dismiss because the district court never had subject-matter jurisdiction). Only the claims, whether related or unrelated, asserted by a single plaintiff against a single defendant may be aggregated. *See Werwinski*, 286 F.3d at 666.

### C. Attorney Fees As Part Of The Amount In Controversy

In determining whether the amount in controversy has been met in a putative non-CAFA class action, the recoverable amount of attorney fees must be distributed across all class members on a *pro rata* basis. *See Sacchi v. ABC Fin. Servs., Inc.*, No. 14-1196, 2014 WL 4095009, at *6 (D.N.J. Aug. 18, 2014) (remanding a putative class action for lack of diversity jurisdiction due to the failure to meet the requisite amount in controversy); *Talalai v. Cooper Tire & Rubber Co.*, No. 00-5694, 2001 WL 1877265, at

*3 (D.N.J. Jan. 8, 2001) (same); *Bishop v. Gen. Motors Corp.*, 925 F. Supp. 294, 299 (D.N.J. 1996) (remanding a putative class action, and holding that "attorneys' fees may not be aggregated to meet the jurisdictional minimum" for Section 1332(a)); *Racher v. GMAC Mortg. Corp. of Pa.*, No. 95-4588, 1996 WL 276351, at *3 (D.N.J. May 8, 1996) (same). Thus, the amount of recoverable attorney fees in a putative class action may not be assigned to the named plaintiff in order to demonstrate that the Court has subject-matter jurisdiction.

**II. Analysis**

**A. Remand**

Sparks repeatedly affirms that her potential recovery will not exceed the jurisdictional threshold of $75,000, because she is seeking the mandatory minimum penalty under the TCCWNA of $100 only. (ECF No. 9-1 at 5; *see id.* at 13–14 (arguing the same); ECF No. 14 at 6 (same).) *See* N.J.S.A. 56:12-17. To reiterate this, counsel for Sparks argues that, "I have conducted legal research regarding certified class actions where the class was awarded statutory civil penalties under the TCCWNA and found no cases where class members received in excess of the mandatory minimum $100.00 civil penalty." (ECF No. 9-2 at 2.) Sparks further argues that the case law from the District of New Jersey makes it clear that any award of attorney fees would be spread across all of the putative class members on a *pro rata* basis, and not simply imputed to her as the named plaintiff, and thus her share would not cause her potential recovery total to exceed $75,000. (ECF No. 9-1 at 6, 17.)

In response, SFC argues that Sparks could feasibly seek the maximum civil penalty under the TCCWNA, and that "there is nothing to suggest that the TCCWNA's civil penalty should be conservatively construed as a *de minimis* civil penalty of $100." (ECF No. 13 at 12.) SFC also argues that the amount in controversy can be linked to the value of the Contract, which SFC argues is worth $25,209.33. (Id. at 15.) SFC also argues that the potential amount of recovery for attorney fees should be attributable to Sparks at this juncture, because "Plaintiff has not named any additional class action members but rather has only applied for class certification." (Id. at 18.)

However, contrary to SFC's arguments, Sparks has repeatedly affirmed to the point of conceding that she is only seeking the minimum penalty amount under the TCCWNA, *i.e.*, $100. Furthermore, the alleged value of the Contract, *i.e.*, $25,209.33, is significantly less than the jurisdictional threshold of $75,000. In addition, SFC's argument that the potential recovery for attorney fees should be attributed to Sparks at this juncture in the litigation is contrary to the afore-cited holdings of the district courts in the District of New Jersey. *See, e.g., Sacchi*, 2014 WL 4095009, at *6 (remanding the putative class action before other class members had been named or otherwise ascertained); *Talalai*, 2001 WL 1877265, at *3 (same). Thus, the Court finds that SFC's arguments are without merit, and that SFC has failed to demonstrate that the jurisdictional threshold has been met in order to give rise to diversity jurisdiction under Section 1332(a). The part of the motion filed by Sparks to remand the action is granted.[1]

---

[1] In coming to this conclusion, the Court does not address the merits of any of the alternate arguments raised by Sparks in support of remand.

## B. Costs And Attorney Fees

Sparks also argues that the notice of removal was "improvidently filed," and thus she seeks an award for the costs and attorney fees that she has incurred in opposing the removal. (ECF No. 9-1 at 7.) *See* 28 U.S.C. § 1447(c) (stating an order of remand may require the removing party to pay the costs and expenses incurred by the non-removing party).

However, the Court finds that SFC's basis for removal, while ultimately not meritorious, was objectively reasonable and raised in good faith. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that costs and fees may be awarded under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal"). It was not abundantly clear from the face of the complaint that Sparks would only seek the minimum penalty of $100 under the TCCWNA. Furthermore, it was reasonable for SFC to quickly seek removal before the litigation proceeded any further in state court.

Under the circumstances presented in this case, the Court will exercise the "broad discretion" to deny the part of the motion seeking an award of costs and attorney fees. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

## CONCLUSION

For the aforementioned reasons, the Court grants only the part of the motion filed by Sparks wherein she seeks a remand of the action. The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: August 18th, 2017